**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| DAVID F. D'ADDARIO<br><br>   *Plaintiff*,<br><br>v.<br><br>FUTURE GREEN STUDIO CORP., FUTURE GREEN FABRICATION, LLC, FUTURE GREEN DESIGN CORP., FUTURE GREEN FARM LLC, DAVID SEITER and DAVID GOLDBERG,<br><br>   *Defendants*. | Case No.<br><br>ECF CASE<br><br><br>  **COMPLAINT**<br> **AND JURY DEMAND** |

Plaintiff DAVID F. D'ADDARIO ("Plaintiff"), as and for his Complaint against Defendants FUTURE GREEN STUDIO CORP., FUTURE GREEN FABRICATION LLC, FUTURE GREEN DESIGN CORP., FUTURE GREEN FARM LLC, DAVID SEITER and DAVID GOLDBERG (collectively, the "Defendants"), alleges as follows:

## THE PARTIES

1. Plaintiff is an individual who resides at 223 S. Beach Road, Hobe Sound, Florida. Plaintiff is also the beneficial owner of a 7,061 sq. ft. duplex penthouse apartment located at 11 N. Moore Street, New York, New York (the "North Moore Apartment"). The North Moore Apartment includes 2,399 sq. ft. of private rooftop space (the "Rooftop") with its own swimming pool.

2. Defendant Future Green Design Corp. ("FGDC") is a New York corporation with a principal address at 18 Bay Street, Brooklyn, New York.

3. Defendant Future Green Studio Corp. ("FGSC") is a New York corporation with a principal address at 18 Bay Street, Brooklyn, New York.

4.      Defendant Future Green Fabrication, LLC ("FGF") is, upon information and belief, a New York limited liability company with a principal address at 18 Bay Street, Brooklyn, New York.  Upon further information and belief, its members are residents of the state of New York.

5.      Defendant Future Green Farm, LLC ("FG Farm") is, upon information and belief, a New York limited liability company which owns property located at 2948 State Route 94, Chester, New York.  Upon further information and belief, its members are residents of the state of New York.  Collectively, FGDC, FGSC, FGF and FG Farm shall be referred to herein as the "Future Green Defendants."

6.      Defendant David Seiter ("Seiter") is an individual who resides, upon information and belief, at 316 16th Street, Brooklyn, New York.  At times relevant hereto, Seiter has been an owner of and/or principal in the Future Green Defendants.

7.      Defendant David Goldberg ("Goldberg") is an individual and, upon information and belief, a resident of the state of New York. At times relevant hereto, Goldberg has been an owner of and/or principal in the Future Green Defendants.

## JURISDICTION AND VENUE

8.      This Court has original subject-matter jurisdiction pursuant to 18 U.S.C. § 1964(c) and 28 U.S.C. § 1331 because this action arises, in part, under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C.  § 1961, et seq. ("RICO").

9.      This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332 (a)(3) because it is an action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

10.      This Court has jurisdiction over Plaintiff's related state and common law claims pursuant to the doctrine of supplemental jurisdiction, 28 U.S.C. § 1367.

11.     Venue is proper in this District because a substantial part of the events and omissions underlying the claims herein occurred in this District.

## FACTS COMMON TO ALL COUNTS

12.     After lengthy discussions, more than a half-dozen proposals, and numerous meetings in 2023, on or about December 1, 2023 Plaintiff and the Future Green Defendants entered into a contract whereby the Future Green Defendants agreed to provide certain design, fabrication and installation services for the beautification of the Rooftop at the North Moore Apartment (hereafter, the "Rooftop Project").  The initial, agreed-upon contract price was $2,059,625.  The parties thereafter entered into two change orders totaling $256,290, resulting in a total contract price of $2,305,915.

13.     Among other things, the Rooftop Project was to include the fabrication and installation of large aluminum planters, a custom-built aluminum pergola with solar panels, a custom-built outdoor kitchen, a fireplace, outdoor shower, bar area, mechanical room, pool retiling, the installation of luxury stone pavers, timber decking and seating platforms, accent lighting and lush landscaping and along with an irrigation system for the planters and other vegetation on the Rooftop.

14.     The parties' negotiations were lengthy, in part, because the condominium association for the building at 11 N. Moore Street had received notice that it was required, in compliance with New York City's building code and regulations, to repair certain areas of the 9-story building's façade (hereafter, the "Façade Restoration").  To do so would require access to and mobilization of construction equipment on the Rooftop.

15.     The parties fully understood that the Future Green Defendants' work on the Rooftop would commence after the condominium association's completion of the Façade

3

Restoration. In fact, Seiter, Goldberg and the Future Green Defendants took part in various meetings with Façade Restoration contractors and the condominium association concerning the Façade Restoration, even offering advice on how to handle necessary roof membrane penetrations and related incursions.

16. In what Seiter, Goldberg and the Future Green Defendants represented to Plaintiff as being necessary to the prompt commencement of the Rooftop Project once the Façade Restoration was completed, the Future Green Defendants purported to begin to fabricate the custom designed planters and pergola and to acquire the luxury pavers and the timber for the Rooftop Project.

17. Over the ensuing two-year period, from December of 2023 to September of 2025, and while representing to Plaintiff that their fabrication, procurement and design work was much further along than it truly was, Seiter, Goldberg and the Future Green Defendants issued eighteen invoices to Plaintiff, amounting to more than $1.9 million, for what it characterized as "deposits" and "progress payments" for their work. Plaintiff has made payments of $1,849,193.20 on those invoices, with payments having variously been made to FGSC and FCF as the payee under the invoices delivered to Plaintiff.

18. In point of fact, those invoices wildly overstated the actual work done, or materials fabricated or procured, by the Future Green Defendants over that time. The invoices also included the billing for goods that had not been procured or fabricated and for services that had not been provided. Indeed, by September of 2025 not a single item to have been fabricated or procured by the Future Green Defendants had been delivered to the Rooftop.

19.     Without any notice or warning whatsoever, on December 3, 2025, Seiter, Goldberg and the Future Green Defendants sent a letter to Plaintiff advising him that they would not be fulfilling their contractual obligations, stating in part:

> Unfortunately, Future Green Studio Corp has to close its doors and cease installation operations. Due to rising material costs and the difficulty of finding and retaining skilled labor, the Company did not generate enough revenue to support business operations throughout the year. Without revenue and funding Future Green Studio Corp is not in a position to continue operations.

20.     Shortly after receiving that letter, Plaintiff endeavored to collect from the Future Green Defendants the entirety of the items they had purported to have fabricated or procured in furtherance of the contract.  To Plaintiff's shock, and notwithstanding having paid invoices of nearly $1.85 million, much of it for items the Future Green Defendants had represented to Plaintiff were procured, fabricated or in fabrication, Plaintiff learned that only $600,000 or so of procured and fabricated materials were on hand at the facilities of the Future Green Defendants. Plaintiff proceeded to hire a logistics company, at a cost of $35,573.79, to remove those items from the facility of FGSC, FGF and FGDC in Brooklyn and from FG Farm's facility in Chester, New York and to move them to a secure warehouse.  Plaintiff has since incurred, and continues to incur, monthly storage costs of $4,427.32.

21.     Plaintiff has also since hired a new contractor to undertake and complete the Rooftop Project.  The price charged by the new contractor for the Rooftop Project, which assumed the inclusion of the use of the design work done and materials already procured and fabricated by the Future Green Defendants, is an additional $1,389,098.

22.     The new contractor has recently inspected and assessed the fabricated items previously recovered from the Future Green Defendants' facilities, and has determined that some of the items have been fabricated incorrectly and will need to be corrected, which will likely result

5

in additional costs to Plaintiff.  The new contractor has also recently inspected some of the work undertaken on the Rooftop itself and has determined it to have been done deficiently and defectively, also needing corrective action.

## CLAIMS FOR RELIEF

### COUNT ONE
### Breach of Contract
### (Against the Future Green Defendants)

23. Plaintiff repeats and realleges each allegation above as if set forth herein.

24. Plaintiff entered into a binding and enforceable contract with the Future Green Defendants for the Rooftop Project.

25. Defendants have failed to fulfill their contractual obligations to Plaintiff and thus have breached their contract with Plaintiff.

26. As a result of said breach of contract, Plaintiff has suffered substantial damages in an amount to be proven at trial but which currently exceeds $1 million.

27. Plaintiff has complied with all of his contractual obligations to the Future Green Defendants.

### COUNT TWO
### Fraud
### (Against All Defendants)

28. Plaintiff repeats and realleges each allegation above as if set forth herein.

29. During the pendency of the Rooftop Project, Defendants submitted invoices to Plaintiff that contained material misrepresentations with respect to the procurement or fabrication of materials or other provision of services as stated therein.

6

30.     Defendants prepared and submitted those invoices to Plaintiff with the knowledge and intent of deceiving Plaintiff into paying the Future Green Defendants monies to which they were not entitled.

31.     Plaintiff reasonably relied on the Defendants' misrepresentations in those fraudulent invoices and made payment to the Future Green Defendants in the amounts set forth in those invoices.

32.     As a result of making payment on Defendants' fraudulent invoices, Plaintiff has suffered substantial damage in an amount to be proven at trial, but which currently exceeds $1 million.

33.     The Defendants acted knowingly and with evil motive and actual malice in willful disregard for Plaintiff's rights, entitling Plaintiff to an award of punitive damages.

**COUNT THREE**
**Unjust Enrichment**
**(Against All Defendants)**

34.     Plaintiff repeats and realleges each allegation above as if set forth herein.

35.     By submitting fraudulent invoices and receiving payment thereon, Defendants received a benefit from Plaintiff to which they were not entitled.

36.     Defendants have been unjustly enriched at Plaintiff's expense, and in equity and good conscience they should not retain that benefit which they wrongly received.

**COUNT FOUR**
**Violation of RICO § 1962(c)**
**(Against All Defendants)**

37.     Plaintiff repeats and realleges each allegation above as if set forth herein.

38.     18 U.S.C. § 1962(c) makes it "unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to

7

conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity . . . " 18 U.S.C. § 1962(c).

39.    Each Defendant, at all relevant times, is and has been a "person" within the meaning of 18 U.S.C. § 1961(3) because each Defendant is capable of holding, and does hold, "a legal or beneficial interest in property."

40.    At all times relevant hereto, and from at least December of 2023, Defendants formed, conducted and participated in an association-in-fact enterprise, described herein as the Future Green Enterprise, within the meaning of 18 U.S.C. § 1961(4), through a pattern of racketeering activity, in violation of 18 U.S.C. § 1962(c).

41.    The Future Green Enterprise consists of each of the Defendants, who comprise a group of "persons" associated together for the common purpose of intentionally and willfully defrauding Plaintiff by creating and conducting a scheme to fraudulently invoice Plaintiff for goods never purchased and/or fully fabricated and/or services never provided or fully provided, all in order to use monies paid by Plaintiff on account of those invoices to fund other, unrelated operations of the Future Green Enterprise and/or to financially benefit its principals.

42.    At all times relevant hereto, and from at least December of 2023, the Future Green Enterprise was an ongoing organization that functioned as a continuing unit being used as a tool to effectuate Defendants' pattern of racketeering activity.

43.    All Defendants agreed to and did conduct and participate in the conduct of the Future Green Enterprise's affairs through a pattern of racketeering activity, specifically including wire fraud, as defined by 18 U.S.C. § 1343, in the electronic transmission via the Internet to Plaintiff of eighteen fraudulent invoices between December of 2023 and October of 2025. As

such, Defendants have engaged in two or more predicate acts within a ten-year period which comprises a "pattern" or racketeering activity within the meaning of 18 U.S.C. § 1961(5).

44.     Defendants used the Internet to carry out their fraudulent activities, and thus have engaged in and affected interstate commerce.

45.     Through their conduct as described above, Defendants have been involved in a plan to scheme or defraud, have had the intent to defraud and have willfully participated in the scheme to defraud with actual knowledge of its fraudulent nature and with specific intent to defraud.

46.     As a direct and proximate consequence of the conduct of Defendants and each of them as alleged herein, Plaintiff has been injured and suffered monetary damages in an amount not less than $1,000,000, said damages to be proven at the time of trial.

47.     Because of Defendants' violations of 18 U.S.C. § 1962(c), Defendants are liable to Plaintiff for three times the damages Plaintiff has sustained, plus the cost of this suit, including reasonable attorneys' fees.

**COUNT FIVE**
**Violation of RICO § 1962(a)**
**(Against All Defendants)**

48.     Plaintiff repeats and realleges each allegation above as if set forth herein,

49.     18 U.S.C. § 1962(a) makes it "unlawful for any person who has received any income derived, directly or indirectly, from a pattern of racketeering activity . . . to use or invest, directly or indirectly, any part of such income, or the proceeds of such income, in acquisition of any interest in, or the establishment or operation of, any enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce."

50.     As noted above, Defendants have explicitly expressed in writing that the inability to perform and complete their contractual obligations to Plaintiff derive from a lack of "revenue

9

to support its business operations."   It is evident that the Future Green Enterprise had engaged in a course of conduct to fraudulently overbill Plaintiff, and likely other of its clients, in order to fund its operations and enrich its principals.

51.     As such, Defendants received income derived from a pattern of racketeering activity to use or invest a part of such income or the proceeds of such income in the establishment and operation of an enterprise that is engaged in, or the activities of which affect, interstate or foreign commerce, in violation of 18 U.S.C. § 1962(a).

52.     As a direct and proximate consequence of the conduct of Defendants and each of them as alleged herein, Plaintiff has been injured and suffered monetary damages in an amount not less than $1,000,000, said damages to be proven at the time of trial.

53.     Because of Defendants' violations of 18 U.S.C. § 1962(a), Defendants are liable to Plaintiff for three times the damages Plaintiff has sustained, plus the cost of this suit, including reasonable attorneys' fees.

**COUNT SIX**
**Violation of RICO § 1962(d)**
**(Against All Defendants)**

54.     Plaintiff repeats and realleges the allegations above as if set forth herein.

55.     18 U.S.C. § 1962(d) makes it "unlawful for any person to conspire to violate any of the provisions of subsection (a), (b) or (c) of this section."

56.     At all relevant times, and from at least December of 2023, each Defendant agreed to and did conspire to violate 18 U.S.C. §§ 1962 (a) and (c), as alleged above and incorporated herein, in violation of 18 U.S.C. § 1962(d).

57.     The object of this conspiracy has been and is to conduct or participate in, directly or indirectly, the conduct of the affairs of the Future Green Enterprise described above; to receive

10

income derived from a pattern of racketeering activity; and to use such income or the proceeds of such income in the operation of that enterprise.

58.     Defendants have knowingly, willfully and intentionally conspired and agreed to conduct and participate in the conduct of the affairs of the Future Green Enterprise through a pattern of racketeering activity (wire fraud).

59.     Defendants have knowingly, willfully and intentionally conspired and agreed to receive income derived from a pattern of racketeering activity (wire fraud) and to use such income or the proceeds of such income in the establishment and operation of the Future Green Enterprise.

60.     Defendants knew that their actions as alleged above were part of a pattern of racketeering activity and agreed to the commission of those acts to further the conspiratorial scheme described above.

61.     Defendants' conduct constitutes a conspiracy to violate 18 U.S.C. §§ 1962(a) and (c), in violation of 18 U.S.C. § 1962(d).

62.     As a direct and proximate consequence of the conduct of Defendants and each of them as alleged herein, Plaintiff has been injured and suffered monetary damages in an amount not less than $1,000,000, said damages to be proven at the time of trial.

63.     Because of Defendants' violations of 18 U.S.C. § 1962(d), Defendants are liable to Plaintiff for three times the damages Plaintiff has sustained, plus the cost of this suit, including reasonable attorneys' fees.

**WHEREFORE,** Plaintiff respectfully demands judgment as follows:

i.     On Count One, for all damages resulting from the Future Green Defendants' breach of contract, plus interest, reasonable attorney's fees and costs, and punitive damages;

11

ii.     On Count Two, for all damages resulting from Defendants' fraud, plus interest, reasonable attorneys' fees and costs, and punitive damages;

iii.    On Count Three, for all damages resulting from the Defendants' unjust enrichment, plus interest, reasonable attorneys' fees and costs;

iv.     On Count Four, for all damages, including treble damages, resulting from the Defendants' violation of 18 U.S.C. § 1962(c), plus interest, reasonable attorneys' fees and costs;

v.      On Count Five, for all damages, including treble damages, resulting from the Defendants' violation of 18 U.S.C. § 1962(a), plus interest, reasonable attorneys' fees and costs;

vi.     On Count Six, for all damages, including treble damages, resulting from the Defendants' violation of 18 U.S.C. § 1962(d), plus interest, reasonable attorneys' fees and costs; and

vii.    For such other and further relief in Plaintiff's favor as this Court deems just and proper

## DEMAND FOR A JURY TRIAL

Plaintiff demands a jury trial on all issues so triable.

Dated:  June 17, 2026

**COLELLA | ZEFUTIE LLC**

By: _____

Anthony J. Laura (AL3091)
116 Village Boulevard, Suite 200
Princeton, New Jersey 08540
Phone: 609.551.9771
Email: alaura@czlaw.com
*Attorneys for Plaintiff David F. D'Addario*

12